# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

JAY DEE PFANNENSTIEL,

    Plaintiff,

v.

DIRECTOR OF THE FEDERAL
BUREAU OF INVESTIGATION,

    Defendant.

Civil No. 98-0386 BRB/DJS

## FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

THIS MATTER was tried on the merits to the Court without a jury on January 27, 1999. All evidence having been presented, the Court having viewed the disputed documents *in camera* and the parties having submitted their respective proposed findings of fact and conclusions of law, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a):

### Findings of Fact

1.    Plaintiff Jay Dee Pfannenstiel, acting pro se, commenced this suit pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking injunctive relief requiring Defendant to release copies of documents relating to a consensual search of Plaintiff's property in February, 1998. Specifically, Plaintiff's complaint sought information regarding the identity

of the agents involved in the search and any information regarding informants upon which Defendant may have relied in deciding to search Plaintiff's property. At trial, Plaintiff abandoned his efforts to gain information relating to the agents' identities and sought only to learn the identities of two informants, referred to as Informant A and Informant B.

2. Defendant is an agency of the United States Government and has possession of the requested documents.

3. Informant A contacted the Gallup Police Department regarding Plaintiff. The Gallup Police Department put Informant A in contact with the FBI. FBI agents asked Informant A questions about Plaintiff. Informant A refused to discuss Plaintiff with the agents. FBI agents informed Informant A that the agency would keep Informant A's identity confidential if Informant A would discuss Plaintiff's activities with the agents. Informant A agreed to discuss Plaintiff with the agents if the agency would keep Informant A's identity confidential. FBI agents verbally agreed to keep informant A's identity confidential.

4. Informant A provided FBI agents with information regarding Plaintiff and Plaintiff's property.

5. FBI agents approached Informant B, one of Plaintiff's neighbors, to determine whether Informant A's allegations regarding Plaintiff and Plaintiff's property were credible.

6. FBI agents asked Informant B questions about Plaintiff. Informant B refused to discuss Plaintiff with the agents. FBI agents informed Informant B that the agency would keep Informant B's identity confidential if Informant B would discuss Plaintiff's activities with the agents. Informant B agreed to discuss Plaintiff with the agents if the agency would keep Informant B's identity confidential. FBI agents verbally agreed to keep informant B's identity confidential.

7. Informant B provided FBI agents with information regarding Plaintiff and Plaintiff's property.

8. After reviewing the information provided by Informant A and Informant B, FBI agents approached Plaintiff and requested consent to search his property. Plaintiff consented and agents searched the property.

9. The search turned up no illegal activity and revealed that much of Informant A and Informant B's information was unreliable.

10. FBI agents prepared reports regarding their interviews with Informant A and Informant B. The agents marked "identity protected" next to both informant's names. The reports noted that a search of Plaintiff's property based upon information provided by Informant A and Informant B revealed no illegal activity.

11. By letter dated February 19, 1998, Plaintiff requested from Defendant copies of all records held by Defendant relating to Plaintiff.

12. By letter dated February 20, 1998, Plaintiff requested from Defendant copies of records held by Defendant confirming whether charges would be filed against a certain named individual and for copies of any statements the individual made to Defendant regarding Plaintiff.

13. By letter dated February 25, 1998, Plaintiff requested from Defendnat complete copies of any complaints, tape recordings, or reports prepared by Defendant and the Gallup, New Mexico Police Department, along with the names of any agents or officers who prepared or received any such reports, tape recordings, or complaints relating directly or indirectly to Plaintiff.

14. By letter dated March 4, 1998, Defendant returned Plaintiff's letter dated February 20, 1999, and informed Plaintiff that the letter did not contain sufficient information for Defendant to conduct the requested search.

15. By letter dated March 17, 1998, Plaintiff provided additional information to Defendant and requested certain copies of agency regulations.

16. By letter dated March 31, 1998, Defendant notified Plaintiff that its search turned up no records responsive to his request.

17. Prior to receiving Defendant's March 31 letter, Plaintiff filed suit seeking release of the requested documents.

18. By letter dated April 3, 1998, Plaintiff acknowledged Defendant's March 31 letter and reiterated his request.

19. By letter dated April 15, 1998, Defendant notified Plaintiff that it had

located seven pages responsive to Plaintiffs request.

20. After redacting material the agency believed to be exempt under the FOIA, Defendant provided Plaintiff with the responsive documents.

21. By letter dated April 23, 1998, Plaintiff asked Defendant to provide an itemized list describing the redacted information and a detailed explanation why the information was protected under the FOIA.

22. Defendant subsequently located and released additional redacted pages responsive to Plaintiff's requests.

23. Defendant subsequently provided Plaintiff with an index commonly known as a "Vaughn Index", describing the redacted material and explaining why the material was exempt from release under FOIA. Specifically, Defendant asserted that the redacted material was exempt from release under 5 U.S.C. § 552(b)(7)(C) and (D).

## Conclusions of Law

1. This Court has jurisdiction pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

2. Congress enacted FOIA to facilitate public access to government documents, United States v. Ray, 502 U.S. 164, 173 (1991), so that citizens may learn "what their government is up to." Bibles v. Oregon Natural Desert Ass'n, 117 S.Ct. 795 (1997) (per curiam).

3. "FOIA is to be broadly construed in favor of disclosure. . . ." Audubon

Society v. United States Forest Service, 104 F.3d 1201, 1203 (10th Cir. 1997).

4. Although disclosure is favored, FOIA contains nine exemptions under which the government may refuse to release requested information. 5 U.S.C. § 552(b).

5. These nine exemptions must be construed narrowly, and the burden is on the agency refusing to release the information to prove that an exemption applies. Audubon Society, 104 F.3d at 1203.

6. FOIA exemption 7(D) permits an agency to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to disclose the identity of a confidential source . . . ." 5 U.S.C. § 552(a)(7)(D).

7. A "confidential source" is a person who provides an agency information based on a reasonable expectation that the agency will not disclose the person's identity "except to the extent [the agency thinks] necessary for law enforcement purposes." United States Dept. of Justice v. Landano, 508 U.S. 165, 174 (1993).

8. The government may prove that a source is a "confidential source" by demonstrating an express agreement of confidentiality between the source and the agency. Hale v. United States Dept. of Justice, 99 F.3d 1025, 1030

(10th Cir. 1996).

9. "Express agreements are fairly straightforward and merely require the [court] to determine, as a matter of fact, whether an express agreement of confidentiality [has] been entered into between the government and the source." Hale, 99 F.3d at 1030.

10. The Court finds that Defendant entered express verbal agreements of confidentiality with Informant A and Informant B by promising that their identities would be kept confidential if they discussed Plaintiff's alleged activities with FBI agents.

11. Therefore, Informant A and Informant B are "confidential sources."

12. Accordingly, the information which Plaintiff seeks, documents exposing the identity of confidential Informant A and confidential Informant B, is exempt under FOIA, 5 U.S.C. § 552(b)(7)(C).

13. All other claims have been waived by Plaintiff either at the pretrial conference or at trial.

Judgment shall enter for Defendant on all claims.

SO ORDERED this 18th day of February, 1999.

                                                  <u>Bobby R. Baldock</u>
                                                  United States Circuit Judge
                                                  sitting by designation